UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**POWER HOUSE TEMPLE,**
et al.,

    **Plaintiffs,**

    v.

**CITY OF HIGHLAND PARK,**
et al.

    **Defendants.**
_____/

Case No. 17-cv-12019

District Judge Matthew F. Leitman

Magistrate Judge Mona K. Majzoub

## REPORT AND RECOMMENDATION

Plaintiffs Power House Temple, Jerry R. Massey, and Roderick Edwards filed the instant *pro se* complaint seeking various forms of relief in connection with the foreclosure on property located at 16241 Joslyn Avenue in Highland Park, Michigan (Docket no. 1.) This matter is before the Court on Defendant Wayne County Treasurer's Motion to Dismiss (docket no. 13). The case has been referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 7.) The Court has reviewed the pleadings and determined that the Motions will be resolved without oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

**I.     RECOMMENDATION**

For the reasons that follow, the undersigned recommends that Plaintiffs Power House Temple and Jerry R. Massey be dismissed from this action, that Defendant's Motion to Dismiss (docket no. 13) be **GRANTED**, and that this matter be dismissed in its entirety.

## II.     REPORT

### A.     Background

This matter arises from a tax foreclosure on property located at 16241 Joslyn Avenue in Highland Park, Michigan (the "Property"). In the years 2007, 2008, 2010, and 2011, Defendant City of Highland Park allegedly levied special assessment taxes against the Property. (Docket no. 1, ¶ 11.) Plaintiffs contend that Plaintiff Edwards obtained "fee simple absolute possession" of the Property on October 29, 2012. (*Id.* at ¶ 10.) On June 13, 2014, Defendant Wayne County Treasurer filed a Petition of Foreclosure against the subject property because the aforementioned taxes had not been paid. (Docket no. 13, p. 2.) The Wayne County Circuit Court issued a "Judgment of Foreclosure" on March 20, 2015, and Defendant Wayne County Treasurer subsequently sold the subject property at a public auction on October 16, 2015. (*Id.*)

On November 9, 2015, Plaintiffs filed a complaint in the 30th District Court for the City of Highland Park seeking quiet title of the subject property in their favor, as well as a judgment in the amount of $10,000 for negligence. (*Id.*) The defendants in that case, which included the Wayne County Treasurer and the City of Highland Park, moved for summary disposition, and the 30th District Court granted the motion on January 19, 2016. (Docket no. 13-4.)

Plaintiffs then filed a complaint in this court on February 1, 2016, pursuant to "2 USC 1331; 28 USC 1332 (a) and 2 USC 1357 (b) (2); 1 USC 1961-1968 RESPA section 9: truth in lending, and negligence." (Case no. 16-cv-10336.) The 2016 complaint was dismissed in its entirety on January 3, 2017. (Case no. 16-cv-10336, docket no. 24.) The instant complaint, which is substantially similar to the 2016 action, was filed on June 22, 2017. (Docket no. 1.) Defendant Wayne County Treasurer has moved to dismiss Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docket no. 13.)

**B.     Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the claim on its face, in which case all factual allegations of the plaintiff must be considered as true, or by attacking the factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). If the factual basis for jurisdiction is challenged, the court must weigh the evidence, and the plaintiff bears the burden of proving jurisdiction. *Id.*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on

3

its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) "assume [the] veracity [of the remaining allegations] and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

In addressing motions under Rule 12(b)(6), the Sixth Circuit recognizes that, in addition to the allegations of the complaint, the court "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ley v. Visteon Corp.*, 543 F.3d 801, 805 (6th Cir. 2008).

### C. Analysis

Defendant Wayne County Treasurer moves to dismiss Plaintiffs' complaint. (Docket no. 13.) In support, Defendant contends: (1) that Plaintiffs' claims are barred by the Tax Injunction Act, (2) that Plaintiffs' claims are barred under the *Rooker-Feldman* doctrine, (3) that Plaintiffs' claims are barred by *res judicata*, (4) that Plaintiffs' complaint fails to state a claim upon which relief can be granted, (5) that Power House Temple and Jerry Massey are not proper plaintiffs in this action, and (6) that Defendant Wayne County Treasurer is shielded by governmental immunity. (*Id.*) As discussed more fully below, this matter should be dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine and/or barred by *res judicata*. Accordingly, it is not necessary to address Defendant's other asserted grounds for dismissal.

#### 1. Appropriate Plaintiffs

Defendant Wayne County Treasurer submits that Plaintiff Roderick Edwards filed this lawsuit on behalf of himself and named plaintiffs Power House Temple and Jerry R. Massey. Plaintiff Edwards is the only plaintiff to have appeared in this matter, to have signed the

Complaint, or to have applied for and been granted leave to proceed *in forma pauperis*. (*See* docket nos. 1, 2, 6.)  Plaintiff Edwards is proceeding *pro se*, and there is no indication that he is a licensed attorney authorized to represent the interests of the other named plaintiffs.

"Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake."  *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002).  *See also Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005) (holding that "[b]ecause, by definition, *pro se* means to appear on one's own behalf, a person may not appear pro se on another person's behalf in the other's cause of action"), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City. Sch. Dist.*, 550 U.S. 516 (2007).  "Th[is] rule against non-lawyer representation 'protects the rights of those before the court' by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent."  *Zanecki v. Health Alliance Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (quoting *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005)).  Accordingly, Plaintiff Edwards may not represent the interests of Power House Temple or Jerry R. Massey in this matter.

Moreover, since Plaintiff Edwards is the only Plaintiff who signed the complaint, he is the only plaintiff properly before the court.  See Fed. R. Civ. P. 11(a) ("Every pleading . . . must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.").  There is simply no indication that Power House Temple or Jerry R. Massey intended to be parties to this action or are aware that this action was filed on their behalf.  To grant them an opportunity to appear in this action by signing and submitting a verbatim copy of the Complaint would be futile because dismissal of the Complaint is warranted on several

5

grounds, as further discussed below. The court should therefore dismiss Power House Temple and Jerry R. Massey as plaintiffs in this case.

        2.        Rooker-Feldman *Doctrine*

Citing the *Rooker-Feldman* doctrine, Defendant Wayne County Treasurer contends that this Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff merely seeks appellate review of the Wayne County Circuit Court's Judgment of Foreclosure. (Docket no. 13, pp. 6-7.)

The *Rooker-Feldman* doctrine raises a jurisdictional bar that prohibits a federal district court from engaging in appellate review of state-court judgments. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The United States Supreme Court has since clarified the scope of the *Rooker-Feldman* doctrine, holding that it is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In light of *Exxon*, the Sixth Circuit explained that the relevant inquiry in determining whether a claim falls within the scope of the *Rooker-Feldman* doctrine "is the source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id*. An independent claim will not divest a federal district court of subject-matter jurisdiction, even if it may deny a legal conclusion of the state court. *Id*. at 392. To determine the source of the injury, a court must refer to the plaintiff's request for relief. *Berry v.*

6

*Schmitt,* 688 F.3d 290, 299 (6th Cir. 2012) (quoting *Evans v. Cordray*, 424 F. App'x 537, 539 (6th Cir. 2011)).

In this matter, Plaintiff's alleged injuries arise, at least to some extent, from the underlying foreclosure action. For example, Plaintiff contends that Defendants failed to comply with the notice provisions of the Michigan foreclosure statute. (Docket no. 1, pp. 3-4.) Moreover, Plaintiff asks this Court to "[e]nter judgment determining that Plaintiffs holds [*sic*] full legal and equitable title to the Property in fee simple absolute, free and clear of any and all claims of defendants in this action." Such claims inherently seek collateral review of the state court foreclosure action and are barred by *Rooker-Feldman*. (*Id*. at 6.)

As discussed more fully below, to the extent that Plaintiff presents independent claims that are not barred by *Rooker-Feldman*, such claims should be dismissed based on *res judicata*.

3. Res Judicata

Defendant contends that the claims presented in this action involve the same facts that were necessary to a determination of prior state court actions between Defendant and Plaintiff Edwards and/or the other named plaintiffs. Defendant further contends that Plaintiff was in privity with Jerry Massey, who previously raised the same claims before this Court. (*See* Case no. 16-10336.) Accordingly, Defendant submits that Plaintiff's claims are barred by *res judicata* and/or collateral estoppel. (Docket no. 13, pp. 7-10.)

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, "[f]ederal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816-17 (6th Cir. 2010) (quoting *Abbott v. Mich.,* 474 F.3d 324, 330 (6th Cir. 2007)). Therefore, a federal court must look to the law of the rendering state in determining any preclusive effect. *Hapgood v. City of Warren*, 127 F.3d 490,

493 (6th Cir. 1997) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)).

In Michigan, the doctrine of *res judicata* bars a second, subsequent action "when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. Michigan*, 680 N.W.2d 386, 396 (Mich. 2004) (citing *Sewell v. Clean Cut Mgmt., Inc.*, 621 N.W.2d 222, 225 (Mich. 2001). Under Michigan law, a privy includes a person so identified in interest with another that he represents the same legal right, such as a principal to an agent, a master to a servant, or an indemnitor to an indemnitee. *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich. App. 1, 12–13, 672 N.W.2d 351, 359 (2003). In order to find privity between a party and a nonparty, Michigan courts require "both a substantial identity of interests and a working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation." (*Id.*)

In view of the foreclosure action, the quiet title action, and the previous federal court action, the present claims have been decided on the merits in prior cases. Most significantly, when compared to the prior federal court action, the present claims rest on substantially similar legal bases and request exactly the same relief. (Case no. 16-10336, docket no. 1.) Although the heading before Count 1 has been changed from "Negligence" to "Collusion," the substance of the claim remains the same, i.e., that the City of Highland Park and the Wayne County Treasurer violated M.C.L. 124.759. (Docket no. 1, p. 3.)

Next, with respect to the requirement that the actions under consideration "involve the same parties or their privies," the Court observes that Plaintiff Edwards appears not to have been a direct party to the quiet title action, and was determined not to be a proper plaintiff in the prior

8

federal action. However, the plaintiffs in each of these actions asserted ownership rights with respect to the same parcel of land over the same timeline. In addition, Plaintiff Edwards previously signed an affidavit conferring Jerry Massey "the power to act as [Edwards'] agent in legal disputes . . . involving . . . the property located at 16244 Roslyn." (Docket no. 13-5.) Accordingly, Mr. Massey was a "privy" of Plaintiff Edwards in the quiet title action and the prior federal court action.

Because this action presents claims that were previously raised by parties in privity with Plaintiff and decided on the merits, Plaintiff's claims should be barred by *res judicata*. In addition, to the extent that Plaintiff now raises any additional theories of relief that arise from the underlying tax foreclosure, such claims could have been raised and resolved in the prior actions, and accordingly should be barred by *res judicata*.

### D. Conclusion

For the reasons set forth above, the undersigned recommends that Plaintiffs Power House Temple and Jerry R. Massey be dismissed from this action, that Defendant's Motion to Dismiss (docket no. 13) be **GRANTED**, and that this matter be dismissed in its entirety.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a

9

party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 26, 2017   s/ Mona K. Majzoub
              MONA K. MAJZOUB
              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiffs and counsel of record on this date.

Dated: October 26, 2017   s/ Lisa C. Bartlett
              Case Manager